**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-13257

Non-Argument Calendar

————————————————

In re: GREGORY BRIAN MYERS,

*Debtor.*

————————————————————————

GREGORY BRIAN MYERS,

*Plaintiff-Appellant,*

*versus*

UNDINE C. GEORGE,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00682-JES,
Bkcy. No. 2:21-bk00123FM

————————————————

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court                    24-13257

Debtor Gregory Myers, proceeding *pro se* on appeal, seeks to recover undisbursed funds that were held by the trustee upon the denial of his proposed Chapter 13 plan and the dismissal of his bankruptcy petition.  After dismissing the petition as a bad-faith filing, the bankruptcy court ordered the trustee to pay attorney's fees to Myers's Chapter 13 attorney as administrative expenses under 11 U.S.C. §§ 503(b) and 1326(a)(2), before refunding any amounts to Myers.  Myers appealed to the district court, which affirmed the bankruptcy court's order.  He now brings this appeal, arguing that the bankruptcy court lacked the authority to allow administrative expenses after dismissing his Chapter 13 case.  After careful review, we affirm.

## I.

In January 2021, Myers filed a voluntary Chapter 13 petition in bankruptcy court in the Middle District of Florida.  He was represented by attorney Undine George of Anastasia Law, P.L. George eventually withdrew from the case in October 2022, with the bankruptcy court's permission, and Myers proceeded *pro se* from then on.

In January 2023, the Florida bankruptcy court denied confirmation of Myers's proposed Chapter 13 plan and dismissed the case with prejudice.  In a memorandum opinion dated January 20, 2013, following a hearing the day before, the bankruptcy court con-

24-13257                Opinion of the Court                3

cluded that Myers's case "should be dismissed as a bad-faith failing," and that, in light of Myers's multiple prior bankruptcy filings,[1] the case should be dismissed "with prejudice and with a two-year bar against refiling." The court "direct[ed] the Chapter 13 Trustee to submit an order dismissing the case with prejudice" consistent with its opinion.

Then, on January 31, 2023, the bankruptcy court entered a "supplemental order" dismissing the case with prejudice as of January 19, 2023, imposing a two-year bar on refiling for bankruptcy, and giving notice to state court judges and clerks of the filing ban. The order also detailed how the Trustee should refund any undisbursed funds. The court expressly "reserve[d] jurisdiction to determine timely filed applications for administrative expenses," including "applications for Debtor(s) attorney(s) fees," filed within 14 days after initial entry of the order dismissing the case.[2] Those terms were consistent with Administrative Order FLMB-2020-7, which outlines procedures governing all Chapter 13 cases filed in the Middle District of Florida on or after August 1, 2020. *See* http://www.flmb.uscourts.gov/announcements/documents/Chapter_13_Admin_Order_2020-

---

[1] In the previous eight years, Myers had filed three bankruptcy petitions—two in Maryland and one in Delaware. One of his Maryland bankruptcy petitions remained pending when he filed his Florida bankruptcy case.

[2] Myers appealed these rulings to the district court, which dismissed the appeal for failure to prosecute. We affirmed on appeal. *In re Myers*, No. 23-13081, 2024 WL 5252472 (11th Cir. Dec. 31, 2024).

7_for_cases_filed_on_or_after_August_12020_highlighted.pdf
(last visited June 2, 2026).

Attorney George timely filed an application for administrative expenses in the total amount of $52,544.60. Myers filed numerous objections to the claim and moved for disgorgement of all funds previously paid by Myers or his wife to Anastasia Law in connection with this case. As relevant here, Myers contended that George could not receive payment of her fees from the undisbursed funds held by the Trustee because those funds must be refunded to him under 11 U.S.C. § 349. At that time, the Trustee held approximately $14,085.00 in undisbursed funds.

In July 2023, the bankruptcy court overruled Myers's objections, approved George's requested fees and costs, and denied disgorgement. The court found that George's requested fees and costs were allowable as administrative expenses under 11 U.S.C. §§ 503(b)(2) and 1326(a)(2), notwithstanding § 349. So it concluded that the Trustee was required to pay those amounts under § 1326(a)(2) before refunding anything to Myers.

After filing a motion for reconsideration, which the bankruptcy court denied, Myers appealed to the district court. The district court affirmed. The court found that, notwithstanding the dismissal of the Chapter 13 case, the bankruptcy court retained jurisdiction to consider administrative expenses under § 1326(a)(2). The court also rejected Myers's argument that Administrative Order FLMB-2020-7 improperly modified existing, substantive rights

24-13257                Opinion of the Court                5

by authorizing administrative expense claims to be filed within 14 days after dismissal.  Myers now appeals to this Court.

## II.

When, as here, the district court has affirmed the bankruptcy court, we conduct an independent review of the bankruptcy court's factual and legal determinations.  *In re Cutuli*, 13 F.4th 1342, 1346 (11th Cir. 2021).  We review "the bankruptcy court's factual findings for clear error, and its legal conclusions *de novo*."  *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).

## III.

Within 30 days of filing a proposed repayment plan, a Chapter 13 debtor must begin making payments as proposed by the plan.  11 U.S.C. § 1326(a)(1)(A).  The trustee must retain such payments until a plan is confirmed or denied.  *Id.* § 1326(a)(2).  If a plan is confirmed, the trustee must distribute payments in accordance with the plan.  *Id.*  But "[i]f a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)."  *Id.*

Section 503(b) permits the allowance of "administrative expenses."  11 U.S.C. § 503(b).  Administrative expenses include "compensation and reimbursement awarded under section 330(a)."  *Id.* § 503(b)(2).  Section 330(a), in turn, provides that the court may allow a Chapter 13 debtor's attorney "reasonable compensation . . . for representing the interests of the debtor in connection with the bankruptcy case."  *Id.* § 330(a)(4)(B).

As a general rule, "a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case."  11 U.S.C. § 349(b)(3).  "[T]he aim of § 349(b) is to return the parties, as far as practicable, to the financial positions they occupied before the case was filed."  *First Nat'l Bank of Oneida, N.A. v. Brandt*, 887 F.3d 1255, 1261 (11th Cir. 2018).

This general revestment rule applies "[u]nless the court, for cause, orders otherwise."  11 U.S.C. § 349(b).  Thus, § 349 "gives the bankruptcy court the power to alter the normal effects of the dismissal of a bankruptcy case if cause is shown."  *In re Morris*, 950 F.2d 1531, 1535 (11th Cir. 1992).

## IV.

Myers has not shown that the bankruptcy court erred in allowing debtor's attorney's fees to be paid from undisbursed funds held by the trustee upon the dismissal of Myers's Chapter 13 case before plan confirmation.

For starters, we reject Myers's suggestion that the bankruptcy court's jurisdiction ceased immediately upon dismissing the Chapter 13 case.  "It is well established that a federal court may consider collateral issues after an action is no longer pending."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).  Thus, courts generally retain jurisdiction to impose costs, attorney's fees, and contempt sanctions "after the principal suit has been terminated."  *Id.* at 396; *see Law Sols. Of Chicago LLC v. Corbett*, 971 F.3d 1299, 1316–17 (11th Cir. 2020) (holding that the bankruptcy court

retained jurisdiction to impose sanctions after the underlying cases were closed).  We see no reason to treat attorney's fees differently in the context of administrative expenses under § 503(b).

Moreover, the bankruptcy court's dismissal order on January 20, 2024, plainly evinced the court's intent to issue a supplemental order to effectuate its ruling and close the estate.  The court directed the trustee to prepare "an order dismissing the case with prejudice" consistent with its opinion.  And in the supplemental order on January 31, 2024, the court expressly "reserve[d] jurisdiction to determine timely filed applications for administrative expenses," including "applications for Debtor(s) attorney(s) fees." Thus, Myers is incorrect that the court did not reserve, or otherwise lacked, jurisdiction to consider issues related to the refund of undisbursed funds held by the trustee, as required by § 1326(a)(2).

Nor are we persuaded that the bankruptcy court exceeded its statutory authority by allowing § 503(b) administrative expense claims that were not filed or pending "prior to dismissal" of the underlying Chapter 13 case.[3]  Myers does not dispute the court's findings that the attorney's fees were reasonable and incurred for representing Myers "in connection with the bankruptcy case" before

_____

[3] The only caselaw he cites comes from unpublished, out-of-circuit bankruptcy court decisions, which are not persuasive because they offer no analysis for their conclusion that § 503(b) administrative expense claims must be allowed before dismissal.  *See In re Taiwo*, 20-bk-00157, 2021 WL 850533, *3 (Bankr. D.C. Mar. 4, 2021); *In re James*, 6:16-bk-10742586, *1 (Bankr. W.D. Ark. Jan. 9, 2017).  The other case he cites concerns the distinct situation of dismissal after plan confirmation.  *See In re Bateson*, 551 B.R. 807, 813 (Bankr. E.D. Mich. 2016).

its dismissal.  *See* 11 U.S.C. § 330(a)(4)(B).  Nothing in § 1326(a)(2) states that an unpaid claim cannot be "allowed under § 503(b)" post-dismissal.  And § 503 contains broad terms with respect to timing, stating that "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause."  11 U.S.C. § 503(a).

In this case, George's fee request was timely filed under the terms of Administrative Order FLMB-2020-7.[4]  Issued by the Chief U.S. Bankruptcy Judge for the Middle District of Florida in July 2020, the order established uniform procedures for all Chapter 13 cases filed in that district on or after August 1, 2020.  As relevant here, Paragraph 7 outlines procedures for refund to the debtor of undisbursed plan payments when a case is dismissed.  If, as is the case here, the dismissal was before plan confirmation, "[t]he Trustee shall subtract the amounts set forth in any timely filed applications for unpaid administrative expense claims, including Debtor's attorney's claim for fees, from the refund."  To be timely, applications for administrative expenses must be "filed no later than 14 days after entry of the order dismissing . . . the case."

Myers responds that the Administrative Order is invalid because it modifies substantive rights by contradicting § 349, which generally "revests the property of the estate" in the debtor upon the dismissal of a bankruptcy case.  11 U.S.C. § 349(b)(3); *see Villano*

---

[4]  *See*  http://www.flmb.uscourts.gov/announcements/documents/Chapter_13_Admin_Order_2020-7_for_cases_filed_on_or_after_August_12020_highlighted.pdf.

24-13257                Opinion of the Court                    9

*v. City of Boynton Beach*, 254 F.3d 1302, 1309–10 (11th Cir. 2001) ("A local rule, however, cannot eviscerate a statutory right."); *Brown v. Crawford Cty., Ga.*, 960 F2d 1002, 1008–09 (11th Cir. 1992) (stating that local rules or procedures cannot circumvent or contradict parties' substantive rights).

But the bankruptcy court correctly observed that § 349(b)(3) does not apply directly to plan payments from post-petition earnings, since there is no party vested in post-petition earnings "before the commencement of the case." *See* 11 U.S.C. § 349(b)(3); *see Harris v. Viegelahn*, 575 U.S. 510, 514 (2015) ("Payments under a Chapter 13 plan are usually made from a debtor's 'future earnings or other future income.'") (quoting 11 U.S.C. § 1322(a)(1)).  Section 1326(a)(2) therefore supplements § 349(b)(3) in this specific context, providing that post-petition payments should be returned to the debtor, but only after "deducting any unpaid claim allowed under section 503(b)." *See* 11 U.S.C. § 1326(a)(2).  And the Administrative Order merely outlines procedures and deadlines to implement § 1326(a)(2)'s command, offering a limited post-dismissal window to apply for administrative expenses under § 503(b).  In other words, it "regulate[s] only the process" for administrative expense claims; it does not "alter[] the rights themselves, the available remedies, or the rules of decision." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407–08 (2010).

Moreover, bankruptcy courts can, "for cause, order[] otherwise" than the general rule of revestment, 11 U.S.C. § 349(b), "alter[ing] the normal effects of the dismissal of a bankruptcy case,"

*In re Morris*, 950 F.2d at 1535.  And here, the bankruptcy court concluded that, "[i]n the Middle District of Florida, the [c]ourt has 'ordered otherwise' in the Administrative Order."

Myers suggests that no cause was shown in this case, but we disagree.  The Administrative Order reasonably allows § 503(b) administrative expense claims submitted within a short window after dismissal of the underlying Chapter 13 case.  As we noted above, issues of attorney's fees are generally ancillary matters which may be resolved after dismissal.  *See Cooter & Gell*, 496 U.S. at 395.  And doing so avoids potentially creating incentives for parties to seek pre-dismissal rulings on fee applications, which may complicate the Chapter 13 process and impose unnecessary delays and costs on the parties and the court.  *See, e.g.*, *In re Sweports, Ltd.*, 777 F.3d 364, 368–69 (7th Cir. 2015) (stating that it was "sensible" for the bankruptcy court "to dismiss the bankruptcy and leave for later" a determination of debtor's attorneys fees to avoid delaying dismissal of the bankruptcy).  Cause is further supported in this case by the bankruptcy court's finding that Myers's petition was not filed in good faith and that his motivation was "to delay and frustrate" his creditors.

For all these reasons, we conclude that the bankruptcy court did not err in allowing George's post-dismissal application for debtor's attorney fees as administrative expenses under § 503(b), or in directing the Chapter 13 trustee to pay the undisbursed funds to George under § 1326(a)(2).  We therefore affirm the bankruptcy court.

**AFFIRMED.**[5]

---

[5] George has filed a motion to designate the appeal as frivolous and to impose sanctions, claiming that the appeal is simply a continuation of Myers's abuse of the judicial process. *See* Fed. R. App. P. 38 (authorizing sanctions if "a court of appeals determines that an appeal is frivolous"). George fails to make any showing that the appeal itself was frivolous, however, and we conclude that the issues Myers raised on appeal had support in fact and law. We therefore **DENY** the motion to designate the appeal as frivolous and impose sanctions.